UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PRO SE CIVIL COMPLAINT

Case No. 8:05CV423

(the court will assign a number)

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 SEP -6 PM 4:23

OFFICE OF THE CLERK

I.   **CASE CAPTION:**   Parties to this Civil Action:

Pursuant to Fed. R. Civ. P. 10(a), the names of **all** parties must appear in the case caption.

The court will **not** consider a claim against any defendant who is not listed in the caption.

| A.   Plaintiff(s) Name(s): | Address |
|---|---|
| Wilton Brown, Pro Se 2716 So. 24th Street, #103 Omaha, NE 68108 Tel: (402) 813-9636 | |

| B.   Defendant(s) Name(s): | Address(es) If known: |
|---|---|
| U.S. Department of Housing & Urban Development c/o the U.S. Attorney General Department of Justice 950 Pennsylvania Ave. N.W., Room 4100 Washington, D.C. 20530 | |
| Omaha Housing Authority c/o Ms. Lisa Hinrichsen, Attorney-at-Law 540 South 27th Street Omaha, NE 68105 | |

(Attach extra sheets if necessary.)
**II. STATEMENT OF CLAIM(S)**

State briefly the facts of your claim. Describe how each defendant is involved. You do

Page 1 of 8

not need to give legal arguments or cite cases or statutes. Use as much space as you need to state the facts. (Attach extra sheets if necessary.)

A.  **When** did the events occur?

July 28, 2005

B.  **What** happened?

HUD allows public housing authorities too much discretion when implementing their administrative policies. There is no consistent policy guidelines amongst cities. In some cities such as Los Angeles, a person's criminal record is not used and other exclusionary policies restricted.

In the instant case, my Home Assistance Voucher expires on October 1, 2005. The Omaha Housing Authority (hereafter referred to as "OHA") has rejected my application to participate in their Section 8 Program based upon violent criminal activity, exhibit A, herein incorporated by this reference. My family and I need Section 8 or public housing assistance to avoid being homeless.

I have retained Mr. Walter E. Bennett Jr., a paralegal working for us pro bono. He has requested discovery information from OHA, exhibit B, herein incorporated, yet has been denied by OHA, exhibit C, herein incorporated.

I suffer from bipolar disorder with psychosis as determined by the VA hospital, Omaha Nebraska, exhibit D, herein incorporated, yet is denied reasonable accommodation by OHA. I have applied for Social Security benefits also.

I have committed one alleged violent offense of misdemeanor assault & battery, exhibit E, herein incorporated. This does not rise to the level of violent criminal activity according to HUD guidelines, exhibit F, herein incorporated. My wife was the victim, not any other residents. Neither have I posed a safety risk to those around me.

All other criminal activities committed by me or my wife were non-violent misdemeanors not involving OHA or its residents, which includes the fraud counted against us by the housing authority when rejecting my application for the section 8 program.

An informal conference is scheduled for September 13, 2005, in which OHA has already stated they will not reverse their decision.

## II. STATEMENT OF CLAIM(S) (continued)

I state a claim under the Freedom of information Act of 1964. HUD is a government agency funding various PHA's across America. It is mandated to keep statistics by race in accordance with EEOC Act.

OHA is funded by HUD, therefore it too should keep statistics on people rejected from their Section 8 participation program. If not, they are operating from a position of impunity without judicial oversight. This policy of counting non-violent misdemeanors is also discriminatory against minorities, in particular the African Americans.

We represent only 12% of the U.S. population, and 40% of the penal system. I, as an African-American, am more likely to be tried, prosecuted, and imprisoned than my Caucasian counterpart due to ineffective counsel and lack of financial resources.

The lack of statistical data by OHA cannot provide me with a full and fair hearing as required by HUD guidelines because I do not know if I am being treated arbitrarily because of my race.

If OHA is allowed to continue this policy of exclusion based upon non-violent misdemeanors, even the evacuees from our Southern states due to hurricane Katrina will find themselves homeless once their temporary housing vouchers expire. This will do nothing but increase the ranks of the homeless in Nebraska, resulting in robberies, rapes, and murders. Omaha has enough problems.

The policy of destroying criminal record data after background checks without keeping statistics for applicants rejected from the Section 8 program, is an unlawful deprivation of property without due process in violation of the 5th & 14th Amendment of the United States.

I state a claim under the ADA. I have bipolar disorder with psychosis. I am entitled to reasonable accommodation.

_____

_____

_____

_____

_____

_____

_____

## III. STATEMENT OF JURISDICTION

Check any of the following that apply to this case (you may check more than one):

_____x__ United States or a federal official or agency is a party

_____x__ Claim arises under the Constitution, laws, or treaties of the United States

____x__ Violation of civil rights

_____ Employment discrimination

_____ Diversity of citizenship (a matter between citizens of different states in which the amount in controversy exceeds $75,000)

_____ Other basis for jurisdiction in federal court (explain below)

_____

_____

_____

_____

_____

## IV. STATEMENT OF VENUE

State briefly the connection between this case and Nebraska. For example, does a party reside or do business in Nebraska? Is a party incorporated in Nebraska? Did an injury occur in Nebraska? Did the claim arise in Nebraska?

OHA is funded by HUD to operate it's Public Housing Authority programs as administered by the federal government.

_____

_____

_____

Page 5 of 8

## V. RELIEF

State briefly what you want the court to do for you.

Temporary injunction imposed upon OHA and its policy of counting non-violent misdemeanors in rejecting applicants and evicting participants from under OHA guidelines as lacking judicial oversight and Constitutional protections of not depriving a person of life, liberty, and the pursuit of happiness without due process of law.

## VI. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

Some claims, but not all, require exhaustion of administrative procedures. Answer the questions below to the best of your ability.

A. Have the claims which you make in this civil action been presented through any type of administrative procedure within any state or federal government agency?

   Yes _____    No ____x_____

B. If you answered yes, state the date your claims were presented, how they were presented, and the result of that procedure:

C. If you answered no, give the reasons, if applicable, why the claims made in this action have not been presented through administrative procedures:

Time is not on my side. I have to provide for my wife and seven month old daughter. I will file an NEOC and EEOC complaint with the respective agencies if I can stop OHA from rejection my application based upon non-violent misdemeanor activity.

Both the EEOC & NEOC may take up to 180 days before a right to sue letter can be issued. I do not have that kind of time. If the Injunction is not issued, or my application accepted, I will join the ranks of the homeless along with my family.

## VII. ARE YOU REQUESTING TRIAL BY A JURY OR BY A JUDGE? (check one):

JURY _____     JUDGE ____x_____

## VIII. VERIFICATION

I (we) declare under penalty of perjury that the foregoing is true and correct.

Date(s) Executed:         Signature(s) of Plaintiff(s):

September 6, 2005         x _Wilton Brown_____

Wilton Brown
Plaintiff Pro Se
2716 South 24th Street, #11033
Omaha, NE 68108
Tel: (402) 813-9636

Note:

IF YOU CANNOT AFFORD TO PAY THE COURT'S FILING FEE WHEN YOU FILE YOUR COMPLAINT, YOU CAN USE A SEPARATE FORM TO APPLY TO PROCEED IN FORMA PAUPERIS. THAT FORM IS AVAILABLE FROM THE COURT AND ON THE COURT"S WEB PAGE. Every plaintiff in the case who wishes to proceed in forma pauperis **must submit his or her own application to proceed in forma pauperis.**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

Wilton Brown, )
    Plaintiff, )
                                    )    Case No.
Vs. )
                                    )
UNITED STATES OF AMERICA, )
On behalf of the )
Department of Housing & Urban Development, )
And the Omaha Housing Authority, )
    Defendant. )

## List of Exhibits

| | |
|---|---|
| Exhibit A | OHA Letter to Wilton Brown Concerning Section 8 Eligibility |
| Exhibit B | Letter to OHA from Mr. Walter E. Bennett Jr., Administrative Representative |
| Exhibit C | Reply from OHA Denying Requested Information |
| Exhibit D | VA determination of Mr. Wilton Brown's Disability |
| Exhibit E | Letter From State Probation Office |
| Exhibit F | HUD Definitions |



**Omaha HOUSING AUTHORITY**

3005 Emmet Street ⚙ Omaha, NE 68111

July 28, 2005

**CERTIFIED MAIL**

Wilton Brown
2716 South 24th Street #103
Omaha, NE 68108

**SUBSIDY #    H16075**

Please be advised, effective October 1, 2005, you are terminated from the HOME Housing Assistance Payments Program due to the following:

- Your Home Program Assistance expires on October 1, 2005.
- The maximum of 24 months on the Home Program has been reached.
- Ineligible for Section 8 due to your Criminal History.

*CFR 982.551* **Obligations of participant.**
  *(l) Crime by family members. The members of the family may not engage in drug-related criminal activity, or violent criminal activity*

*CFR 982.553* **Crime by family members.**
  *(a) At any time, the PHA may deny assistance to an applicant, or terminate assistance to a participant family if any member of the family commits:*
  *(2) Violent criminal activity.*
  *(c) Evidence of criminal activity. In determining whether to deny or terminate assistance based on drug-related criminal activity or violent criminal activity, the PHA may deny or terminate assistance if the preponderance of evidence indicates that a family member has engaged in such activity, regardless of whether the family member has been arrested or convicted.*

If you feel the decision to terminate your assistance is unfair, you have the right to request an informal hearing to appeal this decision. Such a request must be submitted in writing and sent to this office within ten (10) days of the date of this letter. Failure to submit such a request will constitute a waiver of your right to said hearing.

If you have questions, you may telephone 444-4200 ext. 256, between 9:30 a.m. and 4:00 p.m.

Sincerely,

Pam Fiala
Transitional Housing Coordinator

:dcy

Enclosures:   Statement of Family Obligations & Responsibilities
              Tenant Hearing/Review Rights

Exhibit "A"

Walter E. Bennett Jr.
Paralegal
1613 Farnam Street, #402
Omaha, NE 68102-2149
Tel: (402) 813-0848
Fax: (4020 964-2870
E-Mail: walterbennett1@cox.net

Date: August 15, 2005

To: OMAHA HOUSING AUTHORITY
C/o Ms. Lisa Hinrichsen
Staff Attorney
540 South 27th Street
Omaha, NE 68105
Tel: (402) 444-6900

Re: Mr. & Mrs. Wilton Brown
H16075

Dear Ms. Hinrichsen:

Thank you for writing me explaining the situation concerning the Browns, however, there is discovery documentation I will need in order to represent them at the informal hearing. These are as follows:

1. The exact C.F.R. regulation giving OHA the authority and/or obligation to count misdemeanors as criminal activity which warrants denial of a Section 8 applicant;

2. Whether counting misdemeanors is discretionary with the particular PHA or mandated by HUD guidelines;

3. Forward statistics of all OHA applicants by race who were rejected from the Section 8 program based upon misdemeanor criminal activity in the last three years pursuant to *Neb. Rev. Stat. 71-15,146(3) and (4)*;

4. Forward statistics of all OHA participants by race who were evicted because of misdemeanor criminal activity in the last three years pursuant to the above-mentioned statute.

Moreover, I have enclosed the record of Wilton Brown showing he suffers from bipolar disorder with psychosis. He cannot seek gainful employment. He will need reasonable accommodations.

-1-

Exhibit B, pg. 1

Please forward the requested documentation within 10 days from the date of this letter.

Thank you in advance for your cooperation.

Sincerely,

*Walter E. Bennett Jr.*
Walter E. Bennett Jr.
Paralegal

Cc: OHA, c/o Ms. Pam Fiala, Transitional Housing Coordinator, 3005 Emmet Street, Omaha, NE 68111

-2-

Exhibit B, B.2

**Omaha HOUSING AUTHORITY**

540 South 27th Street
Omaha, NE 68105-1521

102-444-6900

August 26, 2005

Mr. Walter E. Bennett, Jr.
1613 Farnam Street #402
Omaha, NE 68102-2149

RE: Mr. and Mrs. Wilton Brown, H16075

Mr. Bennett:

In response to your letter dated August 10, 2005, I have enclosed and highlighted the relevant portions of the Code of Federal Regulations as you have requested.

OHA cannot release to you statistics of all applicants by race who were rejected from the Section 8 program based upon misdemeanor criminal activity in the last three years or statistics of all OHA participants by race who were evicted because of misdemeanor criminal activity in the last three years. Under federal regulation, OHA must destroy all criminal background checks after they are used for admission purposes. Also, OHA does not evict participants from units on the Section 8 program, we only terminate assistance. In either circumstance, OHA is prevented from disclosing the information to you under federal law and the confidentiality requirements of the Nebraska Public Housing Act.

Further, for the purposes of this hearing, your clients are not entitled to view any of this requested information. Your clients have been provided with a copy of their hearing rights, which explains that they may view their file, OHA's Administrative Plan, etc. Please refer to this document.

While we sympathize with Mr. Brown's medical concerns, we have no evidence showing that he has in fact been legally classified as disabled. Further, a disability by itself does not grant one admission to an OHA housing program. Your broad request for accommodation, specifically, that we find suitable housing under the Section 8 program for Mr. and Mrs. Brown is hereby denied.

Sincerely,

Lisa Hinrichsen
Staff Attorney

cc:   Pam Fiala, HOME Program Specialist

Exhibit C

```
------------------------------------------------------------
                                                  Progress Notes
MEDICAL RECORD
------------------------------------------------------------
```

NOTE DATED: 08/02/2004 11:39  MHC CLINIC NOTE
VISIT: 08/02/2004 11:30 ZZO/MHC SATTAR
NSC
1100 1130 pm
Pt. seen for f/u. he is doing worse, he ran out of olanzapine and feels
paranoid, anxious, says that hehas been isolating, cannot be around crowd. he is
hearing voices, that are critical. Sleep is decreased, appetite is decreased.

He has been sober from MJ 2-1/2 months, and alcohol for the past 3 months.


MSE:
No SI, No HI, No A or VH. Mood is anxious, afraid, Affect is mood congruent.
A&Ox3, + paranoia, I&J is fair. Speech is spontaneous, some circumstantiality
but no tangentiality, mild paranoia.

A: Bipolar d/o with psychosis. Alcohol, MJ Dependence
P: Cont. lithium at 450 mg po bid,
Increase olanzapine to 10 mg po qhs.

Cont. psychotherapy, Group therapy, AA meetings, f/u with PCP and his
other medical care.
Pt. to call for F/u appointment.

                       Signed by: /es/ SYED P SATTAR
                                  Staff Psychiatrist
                                  08/02/2004 11:44


                                    STATUS: COMPLETED
08/02/2004 11:46    ADDENDUM
Pt. also was told that he has a lifetime severe mental illness and will most
probably not be able to seek gainful employment. He was encouraged to apply for
disability.
                       Signed by: /es/ SYED P SATTAR
                                  Staff Psychiatrist
                                  08/02/2004 11:47


```
------------------------------------------------------------
BROWN,WILTON DWAYNE              OMAHA VAMC          Printed:08/08/2005 09:14
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 DOB:06/05/1958      Pt Loc: OUTPATIENT              Vice SF 509
------------------------------------------------------------
```

Exhibit D

# STATE PROBATION OFFICE
## District Four
### State of Nebraska - Fourth Judicial District

DEB MINARDI
Chief Probation Officer

Main Office
1701 Farnam Street
Room 164 Hall of Justice
Omaha, NE 68183
(402) 444-7166

South Office
4937 South 24 Street
Omaha, NE 68107
(402) 444-3492

North Office
4236 Redman Avenue
Omaha, NE 68111
(402) 444-5982

Midtown Office
8303 Spring Plaza
Omaha, NE 68124
(402) 444-7852

To Whom It May Concern:

Wilton Brown was placed on probation on 3-7-05 for a period of 12 months for the charge of Assault and Battery. This was a misdemeanor charge and he is being supervised on misdemeanor probation. If you have any questions or concerns, please contact me at (402)444-6148.

Sincerely,

Pete Giglia
Senior Probation Officer
Nebraska State Probation

Exhibit E

Such screening will apply to any member of the household who is 18 years of age or older.

### HUD Definitions

***Covered person***, for purposes of 24 CFR Part 982 and this chapter, means a tenant, any member of the tenant's household, a guest or another person under the tenant's control.

***Drug*** means a controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802).

***Drug-related criminal activity*** means the illegal manufacture, sale, distribution, or use of a drug, or the possession of a drug with intent to manufacture, sell, distribute or use the drug.

***Guest***, for purposes of this chapter and 24 CFR part 5, subpart A and 24 CFR Part 982, means a person temporarily staying in the unit with the consent of a tenant or other member of the household who has express or implied authority to so consent on behalf of the tenant. The requirements of part 982 apply to a guest as so defined.

***Household***, for the purposes of 24 CFR Part 982 and this chapter, means the family and PHA-approved live-in aide.

***Other person under the tenant's control***, for the purposes of the definition of *covered person* and for 24 CFR Parts 5 and 982 and for this chapter, means that the person, although not staying as a guest (as defined in this chapter) in the unit, is, or was at the time of the activity in question, on the premises because of an invitation from the tenant or other member of the household who has express or implied authority to so consent on behalf of the tenant. Absent evidence to the contrary, a person temporarily and infrequently on the premises solely for legitimate commercial purposes is not *under the tenant's control*.

***Violent criminal activity*** means any criminal activity that has as one of its elements the use, attempted use, or threatened use of physical force substantial enough to cause, or be reasonably likely to cause, serious bodily injury or property damage.

### Standard for Violation

OHFA will deny participation in the program to applicants and terminate assistance to participants in cases where OHFA determines there is reasonable cause to believe that a household member is illegally using a drug or if the person abuses alcohol in a way that may interfere with the health, safety or right to peaceful enjoyment of the premises by other residents, including cases where OHFA determines that there is a pattern of illegal use of a drug or a pattern of alcohol abuse.

"Engaged in or engaging in" violent criminal activity means any act within the past 3 years by an applicant or participant or household member which involved criminal activity that has as one of its elements the use, attempted use, or threatened use of physical force substantial enough to

Exhibit F