IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILTON BROWN,  )<br>   )<br>   Plaintiff,  )<br>   )<br>v.  )<br>   )<br>UNITED STATES DEPARTMENT OF  )<br>HOUSING & URBAN DEVELOPMENT,  )<br>and OMAHA HOUSING AUTHORITY,  )<br>   )<br>   Defendants.  )<br>   ) | 8:05CV423<br><br><br><br>ORDER |

    This matter is before the court after a hearing on all pending motions. Additionally, plaintiff has made an oral motion to amend his complaint. The filing of an amended complaint will render defendant Omaha Housing Authority's motion to dismiss, Filing No. 13, moot. Defendant United States Department of Housing and Urban Development ("HUD") has also moved to dismiss, Filing No. 17. Plaintiff agrees that HUD should be dismissed. Filing No. 19.

    With respect to the Motion to Intervene filed by William Bennett, Filing No. 11, the court finds Mr. Bennett is not an interested party and has no legal standing to be involved in this action. Defendant moves to strike, Filing No. 26, plaintiff's pleadings denominated Filing Nos. 20 and 21. The court is advised that Filing No. 20 has been withdrawn. Filing No. 21, a brief in support thereof, will be allowed to stand, for whatever value it may have.

    The court heard oral argument on the plaintiff's motion for a temporary restraining order, Filing No. 7. Because notice has been afforded to all parties and a hearing has been held on the motion, the motion will be construed as a motion for preliminary injunction under Fed. R. Civ. P. 65(a). The extraordinary remedy of a preliminary injunction should not be granted unless the movant has demonstrated: (1) the threat of irreparable harm to it; (2) the

state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that it will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113-14 (8th Cir.1981) (en banc). No single factor is determinative, although the failure to demonstrate the threat of irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang v. Apartment Search, Inc.,* 96 F.3d 297, 299 (8th Cir.1996); *see also Modern Computer Sys., Inc. v. Modern Banking Sys.*, Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

In his motion, plaintiff contends he will be evicted and rendered homeless because he has been denied Section 8 housing benefits. Plaintiff's appointed counsel has clarified to the court that the relief sought involves defendant OHA's procedure for determining eligibility for Section 8 housing in connection with points assessed for an applicant's criminal history. The court has been informed that plaintiff Wilton Brown and his wife are presently separated, but seek to reconcile. The court has also been advised that plaintiff is currently in residential treatment and that his wife and children have been granted Section 8 housing benefits. OHA represents that plaintiff's wife and children would be denied Section 8 housing benefits under current rules and regulations if plaintiff were to return to live with them. OHA further represents that plaintiff's domestic violence conviction alone would not disqualify him from Section 8 Housing benefits under current rules. Defendant OHA did not know if plaintiff would be otherwise entitled to Section 8 benefits on his own. Under the circumstances, the court finds that plaintiff has made a sufficient showing to satisfy the *Dataphase* factors. Accordingly, the court finds injunctive relief is appropriate pending resolution of the issues of this case.

Pursuant to these and other findings made on the record,

2

IT IS HEREBY ORDERED:

1. Plaintiff's oral motion for leave to file an amended complaint is granted. Plaintiff shall file and serve an amended complaint within thirty (30) days of the date of this order.

2. Defendant Omaha Housing Authority's Motion to Dismiss, Filing No. 13, is denied as moot.

3. Plaintiff's Motion to Dismiss the United States Department of Housing and Urban Development as defendant, Filing No. 19, is granted. The United States Department of Housing and Urban Development is dismissed.

4. Defendant United States Department of Housing and Urban Development's Motion to Dismiss, Filing No. 17, is denied as moot.

5. William Bennett's Motion to Intervene, Filing No. 11, is denied.

6. Plaintiff's Motion to Add Exhibits, Filing No. 21, has been withdrawn and is denied.

7. Defendant Omaha Housing Authority's Motion to Strike Pleadings, Filing No. 26, is denied as moot.

8. Plaintiff's Motion for a Temporary Restraining Order, construed as a motion for a Preliminary Injunction, is granted in part and denied in part as follows: Pending resolution of this action or further order of this court, the Omaha Housing Authority is hereby enjoined from denying Section 8 housing benefits to plaintiff Wilton Brown's spouse and children in the event that plaintiff's spouse freely and voluntarily reconciles with plaintiff and plaintiff resides with his spouse and children.

DATED this 3rd day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge