IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILTON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV423 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, and OMAHA HOUSING AUTHORITY, | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion to compel compliance with a court order, Filing No. 57, and on the defendant's motion to amend a preliminary injunction, Filing No. 58.

By previous order, this court entered an injunction as follows: "Pending resolution of this action or further order of this court, the Omaha Housing Authority is hereby enjoined from denying Section 8 housing benefits to plaintiff Wilton Brown's spouse and children in the event that plaintiff's spouse freely and voluntarily reconciles with plaintiff and plaintiff resides with his spouse and children." Filing No. 29. In his motion to compel compliance, the plaintiff has shown that OHA denied an application for Section 8 housing benefits to the plaintiff's spouse in May 2006, in apparent violation of the order. Filing No. 57, Ex. 1. The benefits were denied by reason of plaintiff's criminal record. *Id.*

In opposition to the motion, the defendant has shown by affidavit that, contrary to the representations of the parties and the understanding of the court at the time of the hearing on the motion for injunctive relief, the plaintiff's family had not been afforded Section 8

benefits, but resided in public housing units managed by the OHA.[1]  Filing No. 59.  The defendant has also shown, and the plaintiff does not dispute, that plaintiff's spouse and children continue to receive the public housing benefits they received at the time of the preliminary injunction, and that plaintiff Wilton Brown occupies the public housing unit with his family. Filing No. 60, Ex. 2.

The court's intention in the preliminary injunction was to maintain the status quo pending resolution of the case.  Although the propriety of the denial of Section 8 benefits by reason of a criminal conviction is an ultimate issue for resolution in this case, an award of public housing benefits beyond those afforded at the time of the hearing is outside the ambit of the court's preliminary injunction.  Accordingly,

1.  Plaintiff's motion to compel compliance with the preliminary injunction order (Filing No. 57) is denied.

2.  Defendant's motion to amend the preliminary injunction order (Filing No. 58) is granted.

3.  The court's earlier injunction order (Filing No. 29) is vacated in part.

4.  Pending resolution of this action or further order of this court, the Omaha Housing Authority is hereby enjoined from denying to plaintiff Wilton Brown's spouse and children the public housing benefits they now receive.

DATED this 6th day of February, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

---

[1] Section 8 housing assistance is voucher-based aid for housing in property owned by third parties, whereas the plaintiff's spouse and children are presently tenants in units managed by OHA.  Filing No. 60, Index of evidence, Ex. 1.