IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILTON BROWN,<br><br>               Plaintiff,<br><br>     v.<br><br>OMAHA HOUSING AUTHORITY,<br><br>               Defendant. | 8:05CV423<br><br><br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's motion for summary judgment. Filing No. 72. This is an action to enforce the provisions of the Fair Housing Act, 42 U.S.C. § 3601- 3631. Plaintiff alleges that the Omaha Housing Authority ("the OHA") policy of denying Section 8 housing assistance based on nonviolent, nondrug-related criminal activities that do not threaten the health or safety of other residents is unlawful and discriminatory.

I. BACKGROUND

In its motion for summary judgment, the OHA asserts that there is no genuine issue of material fact with respect to the issue of whether the OHA's policy has a disparate impact on the African-American community. In support of the motion, OHA submits the affidavit of Lisa McFarland, a former OHA staff attorney who has compiled statistics of OHA's Section 8 applications and denials.[1]  Filing No. 74, Index of Evidence, Ex. 3. Defendant also submits the affidavit of George Achola, showing that records of applicants' criminal history background checks have been destroyed, in compliance with HUD regulations and its own policies. *Id.,* Ex. 2, Affidavit of George Achola.

---

[1] Ms. McFarland has not been disclosed as an expert witness in this case. *See* Filing No. 71, Amended Progression Order (establishing disclosure deadline of June 16, 2007).

In opposition to the motion, plaintiff argues that discovery is not yet complete and also contends that defendant's response to requests for production of documents has been inadequate and insufficient to allow for a proper statistical analysis of defendant's pattern of treatment of applicants for Section 8 or public housing.  Plaintiff also submits the affidavit of his expert witness, Shentell L. Auffart, J.D., Ph. D., to refute the statistical evidence presented by defendant.  *See* Filing No. 77, Plaintiff's Brief, attached affidavit of Shentell L. Auffart, ("Auffart Aff.").  In her affidavit, Dr. Auffart questions the validity of defendant's statistical evidence and relates the opinion that "the inclusion of misdemeanor criminal violations in its determination of eligibility compounds the cumulative impact of race at each level of the criminal justice system, resulting in significant disparate and discriminatory impact upon African-American applicants."  Auffart Aff. at 6.  OHA has responded with a supplemental affidavit addressing the disparity in time periods covered in the statistical compilation.  Filing No. 79, Index of Evid., Ex. 5, Supplemental Affidavit of Lisa McFarland.

II.  DISCUSSION

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);  *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).  The burden of establishing the absence any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing

affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987). However, if defendant meets the initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998).

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts are viewed in the light most favorable to the nonmoving party. *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

The FHA prohibits housing discrimination on the basis of race. *See* 42 U.S.C. § 3604(a). To establish a prima facie Fair Housing Act disparate impact claim, a plaintiff must demonstrate that the objected-to action results in, or can be predicted to result in, a disparate impact upon a protected class compared to a relevant population as a whole. *Charleston Housing Auth. v. United States Dep't of Agriculture,* 419 F.3d 729, 741 (8th Cir. 2005) (stating that plaintiffs must show that a facially neutral policy has a significant adverse impact on members of a protected minority group). A plaintiff "'need prove no more than that the conduct of the defendant actually or predictably results in discrimination;

in other words, that it has a discriminatory effect.'"  *Id.* (*quoting United States v. City of Black* Jack, 508 F.2d 1179, 1184 (8th Cir.1974)).  The showing necessary to establish a prima facie case of discrimination is "minimal." *Pope v. ESA Servs., Inc.,* 496 F3d 1001, 1007 (8th Cir. 2005) (stating "[a] minimal evidentiary showing will satisfy this burden of production.").  Although a disparate impact claim is generally proved with statistical evidence showing that the defendant's policy or practice affects the local population, a Title VIII plaintiff may establish a prima facie case of discriminatory impact with proof of national statistics in some cases. *Mountain Side Mobile Estates P'ship v. Secretary of Housing and Urban Dev.,* 56 F.3d 1243, 1253 (10th Cir. 1995).

At the second step of the analysis, the burden shifts to the defendant to "demonstrate that the proposed action has a 'manifest relationship' to the legitimate non-discriminatory policy objectives and 'is justifiable on the ground it is necessary to' the attainment of these objectives."  *Charleston Hous. Auth.,* 419 F.3d at 741 (quoting *Oti Kaga, Inc. v. South Dakota Hous. Dev. Auth.,* 342 F.3d 871, 883 (8th Cir. 2003)).  If the defendant is able to show the policy is justified, a plaintiff may nonetheless prevail by showing that another policy would accomplish the defendant's goals without the discriminatory effects.  *See Oti Kaga,* 342 F.3d at 883*.*

The OHA's motion for summary judgment is directed at the plaintiff's prima facie case.  The OHA has submitted statistics that ostensibly show that its policy of denying eligibility on the basis of criminal history does not adversely impact African-Americans.  However, the plaintiff has submitted evidence that controverts the methodology and validity of those statistics.  Statistics are not irrefutable; they come in infinite variety and, like any other kind of evidence, they may be rebutted.  *International Bhd. of Teamsters v. United*

*States,* 431 U.S. 324, 340 (1977) (cautioning that the usefulness of statistical evidence "depends on all of the surrounding facts and circumstances").  The interpretation of the parties' respective positions would involve determinations of the weight and credibility of the evidence that are not appropriate on a motion for summary judgment.  Accordingly, at this stage of the proceedings, the defendant has not met its burden of showing that there is no genuine issue of material fact with respect to plaintiff's disparate impact claim.  Accordingly, defendant's motion for summary judgment will be denied.

IT IS HEREBY ORDERED that defendant's motion for summary judgment (Filing No. 72) is denied.

DATED this 20th day of July, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Court Judge